**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HILARY B. MILLER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CV 272 MTS |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the complaint filed by self-represented Plaintiff Hilary B. Miller-Bey, an inmate at South Central Correctional Center ("SCCC"), and on Plaintiff's motion for appointment of counsel. Docs. [1] and [8]. For the reasons discussed below, the Court will order Plaintiff to file an amended complaint. Plaintiff will also be directed to file an appropriate motion to proceed *in forma pauperis* on a Court-provided form. Plaintiff will have thirty (30) days to comply with this Memorandum and Order. Additionally, Plaintiff's motion for appointment of counsel will be denied at this time.

**The Complaint**

On February 9, 2021, self-represented Plaintiff Hilary B. Miller-Bey filed the instant action in the United States District Court for the Western District of Missouri. *See Miller-Bey v. MDOC, et al.*, 2:21-CV-04027-NKL (W.D. Mo.). Although Plaintiff did not file a motion for leave to commence this civil action without prepayment of the required filing fee, he did file supporting documents for such a motion, including an affidavit in support of request to proceed *in forma pauperis* and a certified inmate account statement from the Missouri Department of Corrections ("MDOC"). Docs. [2] and [3]. On February 26, 2021, the Honorable Judge Nanette K. Laughrey

entered an order transferring the instant action to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that most of the events giving rise to Plaintiff's claims occurred in the Eastern District of Missouri. Doc. [6].

Plaintiff's complaint consists of the Western District of Missouri's form complaint for civil rights actions brought pursuant to 42 U.S.C. § 1983; a thirty-eight page handwritten supplemental complaint; thirty-seven pages of exhibits, including copies of grievances, grievance responses, and conduct violation reports; and an eight-page handwritten document, titled "Affidavit of Hilary B. Miller Bey in Support of Claim," which appears to be a summary of his supplemental complaint.

Plaintiff brings this action against the following Defendants, in both their official and individual capacities: (1) the MDOC; (2) the Missouri Board of Probation and Parole; (3) Corizon Health Services, Inc.; (4) Dr. John Williams, Medical Director; (5) Dr. Thomas Bredeman, Associate Regional Medical Director; (6) Brock Van Loo, Warden; (7) Jeri James, Medical Contractor Monitor; (8) Jennifer Sachse, Warden; (9) Cheryl Clad, Registered Nurse; (10) Julie Fipps, Registered Nurse; (11) Jane Wheeler, Health Service Administrator; (12) Anne Precythe, MDOC Director; (13) Mrs. Van Loo, Institutional Parole Officer; (14) Aaron Jerrett, Institutional Parole Officer; (15) Probation and Parole John and Jane Does, and (16) MDOC Jane or John Doe.

In the statement of claim section of the form complaint, Plaintiff directs the Court to his supplemental complaint, which is a thirty-eight-page handwritten document consisting of 150 separately numbered paragraphs. The supplement is difficult to follow as it is lengthy, repetitive, addresses a time period spanning from 1990 to the present, and involves incidents that took place at five separate correctional facilities.

Within the supplement, Plaintiff states he was incarcerated from 1990 to 2011 and during those years his family was permitted to send him "honor packages." Plaintiff was released from prison and reincarcerated at Potosi Correctional Center in 2012. Two years later he was transferred to Missouri Eastern Correctional Center where he began to experience pain and discoloration in his hands, fingers, lips, ears, and feet. Plaintiff states he was subjected to "months of testing" and, on December 16, 2015, Defendant Dr. Williams diagnosed him with Raynaud's Syndrome. Dr. Williams ordered that he be provided with an extra blanket, insulated gloves, and limited exposure to cold.

Plaintiff asserts that on April 26, 2016, Dr. Williams "doubted or 2nd guessed the Raynaud's Syndrome diagnosis" and discontinued Plaintiff's "lay-ins and medical devices." Plaintiff disagreed with Dr. Williams's reevaluation and complained that "unspecified defendants failed to help." Plaintiff alleges he subsequently attempted to communicate with Dr. Williams "who failed to address [his] serious medical needs" and was denied a second opinion. Plaintiff does not state when or how he attempted to communicate with his doctor. Plaintiff alleges that because Dr. Williams doubted his Raynaud's diagnosis, he was forced to work in "extremely cold and harsh temperatures" from 2015 to 2018. Plaintiff also alleges Defendants Fipps and Wheeler falsified documents to show that he no longer suffered from Raynaud's Syndrome. It is unclear from the complaint what kind of documents were allegedly falsified or how they were falsified.

On June 12, 2018, Plaintiff was transferred to Tipton Correctional Center. After the transfer, Plaintiff states he was re-diagnosed with Raynaud's Syndrome and a nurse directed him to have his family mail him insulated gloves and boots. Plaintiff alleges Defendants Nurse Clad and Warden Brock Van Loo subsequently denied him a coat and pair of gloves his wife tried to

send him, which he alleges constituted an "unnecessary and wanton infliction of pain." Plaintiff

also appears to take issue with the fact that Defendant Parole Officer Van Loo, who is allegedly

married to defendant Warden Brock Van Loo, was a participant in his parole hearing.

On November 7, 2018, Plaintiff and his case manager completed a "Reasonable

Accommodation form." Plaintiff alleges Defendant Nurse Clad modified the form although she

"never assessed [him][.]" Plaintiff was then transferred to Moberly Correctional Center where he

allegedly continued to suffer from the symptoms of Raynaud's Syndrome. Plaintiff complains he

was unable to see a doctor on a specific day because the institution was on lock down. Plaintiff

states he was transferred to administrative segregation "during the coldest and most harsh

temperatures" and "had only plastic to protect him from the outside elements." Subsequently he

received a conduct violation and was forced to remain in a strip cell. Plaintiff does not identify

who placed him in administrative segregation or the strip cell.

Plaintiff was later transferred to Southeast Correctional Center. Plaintiff complains this

facility uses air conditioning in the winter. He admits he was given an extra blanket and pain

medication but received conduct violations "for attempting to self-medicate." Plaintiff does not

identify who issued the conduct violations. On April 20, 2020, Plaintiff alleges Defendant Jarrett

sent him "threatening correspondence" directing him to discontinue his "current pattern of

behavior" or he would be subject to additional incarceration or would "be supervised as a sex

offender." Plaintiff states he has "written and spoke to so many concerning his ailment," but was

ignored.

For relief, Plaintiff seeks $7,000,000 in compensatory damages against each Defendant;

$500,000 in punitive damages against each Defendant; a "declaration that the acts and omissions"

4

by Defendants violated his civil rights; and a "preliminary and permanent injunction" ordering all Defendants to provide him with medical devices, including coats and boots, and to stop discriminating against individuals with Raynaud's Syndrome.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must

allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. He alleges his constitutional rights were violated in relation to the medical treatment he received for Raynaud's Syndrome. Having thoroughly reviewed and liberally construed Plaintiff's complaint, and for the reasons discussed below, the Court will direct Plaintiff to amend his complaint.

First, Plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards requires only a "*short and plain statement of the claim* showing that the pleader is entitled to relief." (emphasis added). In order to conform to the requirements of Rule 8, Plaintiff's complaint must contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed.R.Civ.P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). Under federal "notice pleading" rules, a pleading need only be sufficient to place the opposing party on notice of the possible claims. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). The primary purpose of Rule 8 is to allow the court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. *Id.* The

6

complaint must be sufficiently clear so the court or opposing party "is not required to keep sifting through it in search of what it is Plaintiff asserts." *Id.* (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)).

Although Plaintiff is self-represented, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). Here, Plaintiff's complaint fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." The Court finds Plaintiff's complaint with its supplement and attachments to be lengthy, repetitive, and disorganized, making it difficult for the Court to decipher the specific allegations Plaintiff intends to bring against each named Defendant, or how some of the Defendants are directly responsible in their individual capacities.[1] As such, Plaintiff's complaint is subject to dismissal without prejudice for failure to comply with Rule 8(a). The Court, however, will allow Plaintiff an opportunity to amend his complaint to bring it in compliance with Rule 8.

The Court further notes that some of Plaintiff's claims are subject to dismissal because they impermissibly involve unrelated events. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

---

[1] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against each defendant, plaintiff must set forth *specific* factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing). Plaintiff cannot hold Defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

7

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  For example, in the instant complaint, Plaintiff's claim for deliberate indifference to his medical needs against Defendant Dr. Williams is unrelated to his claim against Defendant Mrs. Van Loo for participating in his parole hearing. These claims bear little or no relationship to each other. Unrelated claims against different defendants belong in different suits, in part, to ensure that prisoners pay the required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a).  Therefore, multiple claims against a single defendant are valid.  That is, a Plaintiff may name one defendant and bring as many claims against that defendant as the Plaintiff desires.

Additionally, Plaintiff's claims against South Central Correctional Center, the MDOC, and the MDOC Department of Probation and Parole are legally frivolous and subject to dismissal because such entities cannot be sued under § 1983. A claim brought pursuant to § 1983 against the Defendant entities are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333 (8th Cir.

2009). A suit against the MDOC or a division of the MDOC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

Plaintiff's official capacity claims are also subject to dismissal because a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against a sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, the individual Defendants appear to either be employees of the State of Missouri or employees of Corizon. As noted above, Plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the state is not a "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansa*s, 197 F.3d 953, 955 (8th Cir. 1999). For those Defendants employed by Corizon, Plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *Sanders*

9

*v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Here, Plaintiff has not presented any facts that he suffered his injury due to a "policy, custom, or official action" on the part of Corizon. Thus, liberally construing the complaint, Plaintiff's allegations against all Defendants in their official capacities are subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim.

Lastly, as to the unidentified and indeterminate in number John and Jane Doe Defendants, the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). *See also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, Plaintiff does not provide sufficient specific allegations to permit the identity of the John and Jane Doe Defendants to be named after reasonable discovery.

Because Plaintiff is self-represented, the Court will permit him to file an amended complaint to attempt to cure his pleading deficiencies. Plaintiff will also be directed to also submit a motion to proceed *in forma pauperis* on a Court-provided form in order to accompany his already filed prison account statement and supporting affidavit.

10

## Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more

than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff will also be directed to submit a motion for leave to commence this civil action without prepayment of the required filing fee to accompany his already filed affidavit in support of request to proceed *in forma pauperis* and certified inmate account statement.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [8]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of

12

the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Plaintiff a copy of the motion to proceed *in forma pauperis* form for prisoners.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

13

**IT IS FURTHER ORDERED** that Plaintiff must file a motion to proceed *in forma pauperis* on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel Doc. [8] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of April, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE