# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HILARY B. MILLER-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CV 272 MTS |
| ) | |
| DR. JOHN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a second amended complaint by self-represented plaintiff Hilary B. Miller-Bey, an inmate at South Central Correctional Center ("SCCC"). Doc. [19]. For the reasons discussed below, the Court will strike the second amended complaint from the record. If plaintiff wishes to file a second amended complaint, he must abide by the Federal Rules of Civil Procedure and file a proper motion for leave, along with an attached proposed second amended complaint.

### Background

On February 9, 2021, plaintiff filed the instant action in the United States District Court for the Western District of Missouri. *See Miller-Bey v. MDOC, et al.*, 2:21-CV-04027-NKL (W.D. Mo.). The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b). Doc. [6].

Plaintiff's complaint was drafted on a Western District of Missouri's form complaint for civil rights actions pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff named sixteen defendants, in their official and individual capacities. Attached to the complaint was a thirty-eight page handwritten supplemental complaint consisting of 150 separately numbered paragraphs; thirty-

seven pages of exhibits, and an eight-page handwritten "Affidavit." Plaintiff's allegations involved a time period spanning from 1990 to the present and involved incidents that took place at five separate correctional facilities. Plaintiff's primary complaints related to the medical treatment he received for Raynaud's Syndrome.

On April 6, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8(a)'s requirement of a short and plain statement of the claim, and for improperly joining multiple claims against different defendants related to events arising out of different transactions or occurrences. Doc. [9]. Because plaintiff was a self-represented litigant, the Court directed him to file an amended complaint to cure his pleading deficiencies.

On May 10, 2021, plaintiff filed his amended complaint on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. Doc. [10]. Plaintiff named twelve defendants in their individual capacities. Doc. [10]. On June 14, 2021, the Court again reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. The Court issued service on defendant Dr. John Williams in his individual capacity as to plaintiff's deliberate indifference claim and dismissed plaintiff's claims against the remaining defendants for failure to state a claim. Doc. [12].

On July 26, 2021, defendant Dr. John Williams filed an answer to plaintiff's amended complaint. Doc. [18]. On the same day, this Court received a second amended complaint from plaintiff, which he mailed from SCCC on July 22, 2021. Doc. [19]. The second amended complaint asserts similar allegations as in his first amended complaint against defendant Dr. John Williams. Additionally, plaintiff alleges a deliberate indifference claim against Warden Brock Van Loo, who was previously dismissed as a defendant on initial review. *See* Doc. [12] at 16-17. Plaintiff appears

2

to allege additional facts against Warden Van Loo in order to overcome the defects that caused his dismissal pursuant to § 1915.

## Discussion

The filing of amended complaints is governed by Rule 15 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a) provides that where an amendment is not sought as a matter of course, as defined by the Rule, a party may amend its pleadings only with the opposing party's written consent or the court's leave. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing Fed. R. Civ. P. 15(a)(2)). *See also* 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed.) ("When . . . the party already has amended the pleading, [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party.")

The Court advises that "[a] pro se litigant is bound by the litigation rules as is a lawyer[.]" *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12-CV-00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants.").

Because plaintiff did not file a motion seeking leave of the Court before filing his second amended complaint, the Court will strike the pleading in its entirety. "'Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity.'" *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)). When a complaint is amended without first seeking leave from the court, it is appropriate to strike that amendment because "to hold otherwise would

be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint." *U.F.C. W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *see also Strid v. Square D Co., Inc.*, 2006 WL 1194810, at *1 (W.D. Mo. Apr. 28, 2006).

In this case, the Court has not yet issued a Case Management Order such that allowing plaintiff to file a second amended complaint for the purpose of adding a new defendant or claim would not appear prejudice any party. **To comply with Eighth Circuit law, however, plaintiff must file a proper motion for leave to file a second amended complaint, along with an attached proposed second amended complaint if he wishes to amend.** *See Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir.1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *see also Minneapolis Firefighters' Relief Ass'n*, 641 F.3d at 1030 (stating a sufficient motion for leave to amend seeks leave to amend and attaches a copy of the proposed amended complaint).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second amended complaint, Doc. [19], is **STRICKEN** from the record. The Clerk of Court shall return the filing to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall file a motion for leave to file a second amended complaint with an attached proposed second amended complaint **within twenty-one (21) days of the date of this Memorandum and Order**.

Dated this 2nd day of August, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE