UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILARY B. MILLER-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CV 272 MTS |
| | ) |
| DR. JOHN WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Brock Van Loo's motion to dismiss plaintiff's second amended complaint. Doc. [32]. Self-represented plaintiff Hilary B. Miller-Bey did not file a response and the time for doing so has passed.[1] For the reasons discussed below, the motion will be denied, and the Court will issue a Case Management Order by separate order. As such, defendant Brock Van Loo must file an answer to plaintiff's second amended complaint in the time allowed by the Federal Rules.

### Background

On February 9, 2021, self-represented plaintiff Hilary B. Miller-Bey filed the instant action in the United States District Court for the Western District of Missouri. *See Miller-Bey v. MDOC, et al.*, 2:21-CV-04027-NKL (W.D. Mo.). The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that most of the events giving rise to plaintiff's claims occurred in the Eastern District of Missouri. Doc. [6].

The original complaint was drafted on a Western District of Missouri's form complaint for civil rights actions pursuant to 42 U.S.C. § 1983. Doc. [1]. Plaintiff named sixteen defendants, in

---

[1] On November 1, 2021, plaintiff filed a motion for a thirty-day extension of time to file a response, which the Court granted. Docs. [34, 35]. Plaintiff was directed to file his response no later than December 3, 2021. As of the date of this Memorandum and Order, plaintiff has not filed a response.

their official and individual capacities, all of whom appeared to be employees of the Missouri Department of Corrections or Corizon Health Services. Attached to the complaint was a thirty-eight page handwritten supplement consisting of 150 separately numbered paragraphs and thirty-seven pages of exhibits. Plaintiff's allegations involved a time period spanning from 1990 to the present and involved incidents that took place at five separate correctional facilities.

On April 26, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal for failure to comply with the Federal Rule of Civil Procedure 8(a) requirement of a short and plain statement of the claim, and for improperly joining multiple claims against different defendants related to events arising out of different transactions or occurrences. Doc. [9]. The Court also informed plaintiff that his claims against the state entities were legally frivolous because they could not be sued under § 1983, and any official capacity claims against individuals who worked for such entities were non-cognizable claims against their public employer. Plaintiff was directed to file an amended complaint.

On May 10, 2021, plaintiff filed his amended complaint on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. Doc. [10]. Plaintiff named twelve defendants in their individual capacities only, including Dr. John Williams, the Corizon Medical Director at Missouri Eastern Correctional Center ("MECC"), and Brock Van Loo, the Warden at Tipton Correctional Center ("TCC"). All of plaintiff's claims related to the treatment he received for Raynaud's Syndrome,[2] and the grievances he filed complaining about his medical care.

On June 14, 2021, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, and granted his motion for leave to proceed *in forma pauperis*. Doc. [12]. The Court

---

[2] "Raynaud's disease is a rare disorder of the blood vessels, usually in the fingers and toes. It causes the blood vessels to narrow when you are cold or feeling stressed. When this happens, blood can't get to the surface of the skin and the affected areas turn white and blue. When the blood flow returns, the skin turns red and throbs or tingles." MedlinePlus, United States National Library of Medicine and the National Institutes of Health, available at https://medlineplus.gov/raynaudsdisease.html (last accessed Sept. 2, 2021).

addressed each of plaintiff's claims against the twelve defendants, and determined that only his Eighth Amendment deliberate indifference allegation against Dr. Williams was sufficient for purposes of initial review. The Court dismissed the remaining defendants for failure to state a claim. Docs. [12, 13]. The Clerk of Court issued process on Dr. John Williams, and he timely filed his answer on July 26, 2021. Doc. [14, 18].

On August 30, 2021, plaintiff filed a motion for leave to file a second amended complaint against two defendants, Dr. Williams and Warden Van Loo, which the Court granted. Doc. [22, 23]. On September 15, 2021, the Court reviewed the second amended complaint pursuant to 28 U.S.C. § 1915 and determined plaintiff's allegations against the two named defendants were sufficient to proceed. Doc. [26]. The Court noted that plaintiff had cured his pleading deficiencies against Warden Van Loo. Consequently, the Court directed the Clerk to issue process on the second amended complaint as to both defendants in their individual capacities only. *Id.*

On September 22, 2021, Dr. Williams filed an answer to the second amended complaint. Doc. [28]. On October 7, 2021, Warden Van Loo filed the instant motion to dismiss. Doc. [32]. Within the motion, Warden Van Loo argues plaintiff has failed to state a claim upon which relief may be granted and he is entitled to qualified immunity. In addition, he argues that plaintiff's second amended complaint is subject to dismissal because plaintiff has failed to plead exhaustion of his administrative remedies. Doc. [33].

**Second Amended Complaint**

Plaintiff asserts Dr. Williams was deliberately indifferent to his serious medical needs from 2015 to 2018. Plaintiff states Dr. Williams diagnosed him with Raynaud's Syndrome on December 16, 2015 and recommended "insulated gloves, limited exposure to cold, and extra blanket/pillow" for treatment. In April of 2016, plaintiff participated in a hunger strike to protest a conduct violation he received. On April 25, 2016, after he "refused 31 meals," plaintiff was brought to Dr.

Williams. During that visit, plaintiff alleges Dr. Williams questioned his Raynaud's Syndrome diagnosis and discontinued all prescribed treatment. Plaintiff asserts Dr. Williams should not have doubted his original diagnosis and appears to infer that Dr. Williams's decision to suspend treatment was motivated, at least in part, by plaintiff's hunger strike.

On June 18, 2018, plaintiff was transferred from MECC to TCC. On September 27, 2018, he was seen by non-defendant Nurse Practitioner Serr, who he identifies as his treating provider. During that visit, plaintiff asserts he was re-diagnosed with Raynaud's Syndrome and she recommended treatment, which included, "lay-ins, no exposure to cold, insulated coat, gloves, boots, and blanket" and "a medical directive for [his] family to send in the insulated medical devices (i.e., coat, gloves, boots, and blanket)."

Subsequent to receiving Nurse Serr's treatment recommendations, plaintiff was required to complete a "Request for Reasonable Accommodations" form and was placed in the chronic care clinic. Plaintiff states his Request was partially approved for a coat and gloves; however, Warden Van Loo allegedly assured plaintiff he would also be permitted insulated boots as they were recommended by Nurse Serr "to address the discoloration and pain in [his] feet and toes." Plaintiff asserts that after "the approved medical devices got to the institution," Warden Van Loo "as a non-medical official illegally confiscated the items only to place them in his office for six months, from November 2018 to May 2019, during the most coldest [sic] and harshest winter months[.]" Plaintiff states he "immediately filed an I.R.R. [informal resolution request] because Mr. Van Loo'[s] actions [were] unreasonable." Plaintiff alleges his constitutional rights were violated when Warden Van Loo "personally participated in depriving [him] of the approved medical treatment of his treating provider" and second-guessed the judgment of Nurse Serr.

**Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Discussion**

*A. Failure to State a Claim and Qualified Immunity*

Defendant Warden Van Loo argues he is entitled to the protection of qualified immunity against plaintiff's claim of deliberate indifference to his serious medical needs because the second amended complaint does not articulate allegations that he violated a clearly established constitutional right. In support of the motion, he cites to *Raybourn v. Corizon Health, Inc.*, 2016 WL 7013033 (E.D. Mo. Dec. 1, 2016).

In *Raybourn*, the plaintiff inmate alleged that a correctional officer "violated her Eighth Amendment right to be free from cruel and unusual punishment when she confiscated from [p]laintiff, who was undergoing chemotherapy, a high quality hat, scarf and gloves that [p]laintiff's oncologist has provided her to protect [her] from exposure to the cold and risk of permanent nerve damage." *Id.* at *1. The Court held that qualified immunity applied because the "conditions-of-confinement claim . . . [did] not constitute a sufficiently serious objective deprivation that denied [her] the minimal civilized measures of life's necessities" and it was "not clearly established, in

the constitutional sense, that a prisoner undergoing chemotherapy has a right to warm garments[.]" *Id.* at 5 (internal citations omitted). In making this determination, the Court found that "a reasonable official in [the correctional officer's] position would not understand that her conduct in confiscating Plaintiff's hat, scarf, and gloves . . . violated Plaintiff's constitutional rights." *Id.*

The Court finds *Raybourn* to be distinguishable from the instant action. First, the allegation here is a deliberate indifference to a serious medical need claim, not a conditions of confinement claim. Second, plaintiff not only alleges that his treating provider gave him a "lay-in" for an "insulated coat, gloves, boots, and blanket," he also asserts that his formal Request for Reasonable Accommodations as to a coat and gloves was *approved* by a medical professional and plaintiff subsequently met with Warden Van Loo to notify him of and discuss his medical condition. Unlike *Raybourn*, Warden Van Loo, who is also alleged to be the ADA Coordinator, was apprised of plaintiff's diagnoses and approved accommodations, and could reasonably understand that his conduct in confiscating plaintiff's coat and gloves violated plaintiff's constitutional rights.

"[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." *Letterman v. Does*, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, plaintiff must show "a substantial risk of serious harm," and "that the prison official was deliberately indifferent to that risk of harm[.]" *Id.* at 861-62 (citing *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). A deliberate indifference claim "has two components: an actor must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety.'" *Id.* at 862 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts

consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal citations and quotations omitted).

In the instant action, medical professionals, including plaintiff's treating provider, determined that plaintiff required, at minimum, a coat and gloves for his Raynaud's Syndrome diagnosis. Warden Van Loo had actual knowledge of plaintiff's need for these medical accommodations, and he overruled the treatment decisions by confiscating the approved items. Non-medical care providers have no authority to investigate or overrule diagnostic and treatment decisions made by medical professionals. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); and *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989).

At this state of the litigation, the Court finds plaintiff has adequately alleged an Eighth Amendment claim of deliberate indifference to his serious medical needs, and the Court cannot determine, from plaintiff's pleadings alone, that Warden Van Loo is entitled to qualified immunity. *See e,g., Smith v. Twp. of Prairieville*, 194 F. Supp. 3d 658, 674 (W.D. Mich. 2016) (declining to dismiss deliberate indifference claim brought by inmate diagnosed with Raynaud's Syndrome against correctional officers who were informed of his serious medical need to avoid cold temperatures but ignored his request for accommodations); *Sarauer v. Frank*, No. 04-C-273-C, 2004 WL 2324981, at *12 (W.D. Wis. Oct. 6, 2004) (declining to dismiss plaintiff's deliberate indifference claim against correctional officer who knew plaintiff suffered from Raynaud's Syndrome but refused to allow plaintiff to wear socks over his gloves).

Viewing the facts in the second amended complaint in the light most favorable to plaintiff, the Court finds plaintiff has alleged sufficient factual matter, accepted as true, to state a facially plausible deliberate indifference claim against defendant Warden Van Loo. All that is required is that plaintiff sets forth plausible facts that he is entitled to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this stage of the litigation, the Court finds plaintiff has adequately stated a claim of deliberate indifference against defendant Warden Van Loo.

*B. Failure to Exhaust Administrative Remedies*

Lastly, defendant Warden Van Loo argues he should be dismissed from this action because plaintiff failed to plead exhaustion of his administrative remedies. Specifically, he points to the checkbox portion of the form complaint where plaintiff indicated he filed a grievance at the MECC, but did not mention any grievances filed at the TCC where Warden Van Loo worked. *See* Doc. [33] at 7 (citing Doc. [24] at 14-16). To the contrary of this argument, however, in the body of plaintiff's complaint addressing his claim against Warden Van Loo, plaintiff explicitly wrote that he "immediately filed an I.R.R." against the Warden because his actions were unreasonable in denying him approved medical accommodations. Doc. [24] at 8. Plaintiff also appears to have requested copies of his grievances and grievance appeals, but "all of [his] paperwork has been misplaced/lost." *Id.* at 16.

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). Dismissal is mandatory if a prisoner did not exhaust his administrative remedies prior to filing his civil action. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Exhaustion,

however, is an affirmative defense under the PLRA, and "inmates are *not required* to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007) (emphasis added).

Defendant Warden Van Loo is correct that in the section of the form complaint to describe his exhaustion of administrative remedies plaintiff only addresses the grievance he filed against Dr. Williams at the MECC. Nonetheless, plaintiff explicitly asserts in the statement of the claim portion of his complaint that he filed a grievance against Warden Van Loo, and further asserts he exhausted his remedies, including grievance appeals. Doc. [24] at 8, 16. Because it is unclear at this stage whether or not plaintiff has exhausted his administrative remedies, the Court will deny Warden Van Loo's motion to dismiss on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Brock Van Loo's Motion to Dismiss plaintiff's Second Amended Complaint Doc. [32] is **DENIED**.

A Case Management Order will be entered separately.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2021.