**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HILARY B MILLER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-272-MTS |
| | ) | |
| Dr. John Williams, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of a document by self-represented Plaintiff titled, "Motion to Appear on the Record." Doc. [69]. The Court will construe this filing as a second motion for appointment of counsel. Within the filing Plaintiff requests, "competent counsel to represent the pro se plaintiff for the remainder of the case[.]" *Id.* at 3. For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

1

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff was able to present his claims to the Court, cure his pleading deficiencies, and survive initial review pursuant to 28 U.S.C. § 1915.  As a result, Defendants Dr. John Williams and Warden Brock Van Loo were served with process.  Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court, and respond to Court orders. The Court will entertain a future motion for appointment of counsel as the case progresses, if appropriate.

Also, the Court notes two pending motions for summary judgment filed by Defendants Williams and Van Loo.  *See* Docs. [62], [65].  Based on Plaintiff's Motion at issue here, and the Court's ruling today, the Court will extend Plaintiff's time to respond to Defendants' motions for summary judgment for thirty (30) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [69], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Response to the Defendants' Motions for Summary Judgment by **February 24, 2023**.

Dated this 24th day of January 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

2