**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HILARY B MILLER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-272-MTS |
| | ) | |
| DR. JOHN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a document by *pro se* Plaintiff Hilary Miller-Bey titled, "Motion To Issue Preliminary Stay/Injunction In Re Impeachment." Doc. [51]. Plaintiff requests a "preliminary injunction to immediately stay the actions of the State of Missouri" regarding the cancellation of Plaintiff's discretionary release date. *Id.* at 2–3, 5. As explained in more detail in this Memorandum and Order, the Court denies Plaintiff's Motion because Plaintiff cannot seek a preliminary injunction for a different topic than the claims in his Complaint and also because the Plaintiff does not have a liberty interest in good time credits or a discretionary release date.

### Facts

Plaintiff, an inmate presently incarcerated at South Central Correctional Center ("SCCC") in Licking, Missouri, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. John Williams and Warden Brock Van Loo. *See* Doc. [24]. Plaintiff alleges Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to Plaintiff's serious medical needs while Plaintiff was incarcerated at Missouri Eastern Correctional Center ("MECC") from 2015–2018. *Id.*

1

In the current Motion before the Court, Plaintiff requests a "preliminary injunction to immediately stay the actions of the State of Missouri" and "SCCC," where Plaintiff is currently incarcerated, regarding the cancellation of Plaintiff's discretionary release date due to a conduct violation he received. Doc. [51] at 2–3, 5. According to the document attached to the Motion, Plaintiff's release date was pushed back because "[t]here does not appear to be a probability at this time that the offender would live and remain at liberty without violating the law based on A: Poor institutional adjustment." *Id.* at 5.

**Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id.* at 521. Furthermore, the "danger must be more

2

than a mere possibility." *Id*. Regarding the issue of whether a situation is ripe for injunctive relief, the U.S. Court of Appeals for the Eighth Circuit has noted courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

**Analysis**

The substance of Plaintiff's motion for preliminary injunctive relief is not related to the claims in his Complaint. *Compare* Doc. [24], *with* Doc. [51]. Consequently, Plaintiff's Motion will be denied. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale v. Wood*, 89 F.3d 840, 1996 WL 341206, at *1 (8th Cir. 1996) (unpublished opinion) (rejecting plaintiff's request for injunctive relief because he "failed to establish a connection between these injuries and the conduct he challenged in his complaint").

Even if Plaintiff had identified a related matter in his Motion, Plaintiff does not assert a violation of a constitutional right. *Goff*, 60 F.3d at 521 (requiring "a right must be violated" for an injunction to issue in the prison context). Plaintiff's main concern seems to be that he was denied release at his expected discretionary release date due to an unsubstantiated conduct violation. However, Plaintiff has no constitutional right to good time credits or a discretionary release date.

The United States Supreme Court has determined there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Plaintiff asserts his discretionary release from incarceration was wrongfully cancelled. Plaintiff does not allege

that the extension resulted in him being released after his *maximum* entire sentence of imprisonment. As such, Plaintiff does not have a constitutional right to early release and therefore, his Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, Doc. [51], is **DENIED**.

Dated this 15th day of February 2023

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE