UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HILARY B. MILLER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-272-MTS |
| | ) | |
| JOHN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Brock Van Loo's Motion for Summary Judgment, Doc. [65], pursuant to Federal Rule of Civil Procedure 56, on Plaintiff's Second Amended Complaint, Doc. [24], for violations of Plaintiff's rights under the Eighth Amendment pursuant to 42 U.S.C. § 1983. Hilary B. Miller-Bey, a *pro se* litigant, brought this action against Defendant Brock Van Loo ("Defendant"), the Warden at Tipton Correctional Center ("TCC"), related to the accommodations Plaintiff received for Raynaud's Syndrome. Specifically, Plaintiff claims Defendant acted deliberately indifferent to Plaintiff's serious medical needs. For reasons discussed below, the Court grants Defendant's motion.

\* \* \* \* \* \* \*

Before addressing the substantive issues raised in this Motion, the Court notes Plaintiff's failure to litigate. Despite giving Plaintiff multiple opportunities (and months) to respond to Defendant's Motion, *see* Docs. [71] & [74], Plaintiff has not filed any response and failed to controvert Defendant's Statement of Material Facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this District. Fed. R. Civ. Pro. 56(c)(1); L.R. 4.01(E). Accordingly, as both the Federal and Local Rules provide, the Court deems Defendant's facts as

1

admitted. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); L.R. 4.01(E) (stating "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party"); *see also* Doc. [74] (warning Plaintiff he "shall file his Responses to Defendants' Motions for Summary Judgment no later than March 28, 2023" and "[f]ailure to file Responses will result in all matters set forth in the Defendants' Statements of Uncontroverted Material Facts being deemed admitted for purposes of summary judgment").

**I.     BACKGROUND**

This action concerns Plaintiff's incarceration by the Missouri Department of Corrections ("MDOC") at TCC.  From November 2016 to February 2019, Defendant served as Deputy[1] Warden at TCC and as ADA Coordinator at TCC.  Plaintiff transferred to TCC on June 18, 2022.  Doc. [67] ¶ 6.  Upon Plaintiff's transfer to TCC, a TCC nurse diagnosed Plaintiff with Raynaud's disease and issued "lay-ins" for an insulated coat, gloves, boots, and blankets, and to avoid exposure to cold.  *Id.* ¶ 7.

In November 2018, Plaintiff filed a modified Request for Accommodations.  *Id.* ¶ 9.  On November 28, 2018, Defendant approved the request for accommodation and sent Plaintiff the approval by memorandum.  *Id.* ¶ 11.  The approval memorandum indicated that TCC would issue the requested items, but that another MDOC prison needed to issue the heavier coat.  *Id.* ¶¶ 12–13.  Thereafter, Plaintiff's family sent Plaintiff a coat and boots without prior institutional staff

---

[1] Defendant is currently the Warden at TCC.

approval.  *Id.* ¶¶ 15–17.  These coat and boots were denied and considered unauthorized because they were not pre-approved by proper authority.  *Id.*

MDOC policy outlines the grievance policy inmates at TCC must follow to resolve issues of concern.  *Id.* ¶¶ 22–23.  The process includes three stages: (1) an Informal Resolution Request ("IRR"), (2) an Offender Grievance, and (3) an Appeal.  *Id.*  MDOC policy defines "exhaustion" as completion at the appeal level.  *Id.* ¶ 24.  Plaintiff never filed an IRR, Offender Grievance, or Appeal regarding Defendant's response to Plaintiff's accommodation request, or the denial of the clothes sent by Plaintiff's family.  *Id.* ¶¶ 26–29; *see also* Doc. [67-2].

In February 2021, Plaintiff filed the instant action alleging Defendant acted deliberately indifferent to Plaintiff's serious medical needs.  Doc. [24] at 7–13.  Defendant now moves for summary judgment on the claim against him.  Doc. [65].

## II. LEGAL STANDARD

Because Plaintiff is proceeding *pro se*, the Court is bound to liberally construe his filings in order to do substantial justice.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Native Am. Council of Tribes v. Solem*, 691 F.2d 382, 384 (8th Cir. 1982).  However, a litigant's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from failing to comply with substantive and procedural law.").

"A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law."  *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing Fed. R. Civ. P. 56(a)).  "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still

determine that the moving party is entitled to judgment as a matter of law on that claim." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018) (quoting *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).  Thus, when the nonmoving party fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

## III.   DISCUSSION

Defendant argues summary judgment is proper because Plaintiff failed to exhaust his administrative remedies.[2]  "Failure to exhaust is an affirmative defense under the" Prison Litigation Reform Act ("PLRA"). *Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019).  The Court finds Plaintiff failed to exhaust his administrative remedies.

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a).  It is the prison's grievance procedures, rather than some specific provision of PLRA, that dictates the administrative remedies detainees must exhaust before filing suit. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  Dismissal is mandatory if a prisoner did not exhaust his administrative remedies prior to filing his civil action. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Ross v. Blake*, 578 U.S. 632, 639 (2016) (stating "a court may not excuse a failure to exhaust" under the PLRA).

---

[2] The Court previously denied Defendant's motion to dismiss on this basis because it was "unclear at this stage whether or not plaintiff has exhausted his administrative remedies." *Miller-Bey v. Williams*, 4:21-cv-272 MTS, 2021 WL 5881768, at *5 (E.D. Mo. Dec. 13, 2021). At that stage in litigation, Plaintiff "explicitly assert[ed] in . . . his complaint that he filed a grievance against Warden Van Loo." *Id.* (citing Doc. [24] at 8, 16). Now, on summary judgment, Plaintiff's allegation is plainly contradicted by record evidence of his certified grievance records at TCC. *See* Doc. [67-2].

4

The TCC has a three-step administrative remedy procedure. Doc. [67] ¶ 23; Doc. [67-4] at 9–17. The inmate must first file an IRR. Doc. [67-4] at 9–14. "After completing the [IRR] process, if the offender is not satisfied, he may obtain an offender grievance." *Id.* at 14. An Offender Grievance "must be filed within 7 calendar days after the offender receives the response on the" IRR. *Id.* After receiving a response to an Offender Grievance, the inmate may appeal the grievance "within 7 calendar days." *Id.* at 16. "After receiving the offender grievance appeal response, the offender has exhausted the grievance process." *Id.* at 17; *see also id.* at 2 ("Exhaustion: Completion of the formal grievance procedure at the appeal level.").

Plaintiff has not exhausted the administrative remedy process. Plaintiff never filed an IRR, Offender Grievance, or Grievance Appeal regarding Defendant's response to Plaintiff's accommodation request, or with regard to the denial of the coats or boots sent by Plaintiff's family. Plaintiff was plainly aware of the process, as he initiated it *six* separate times during his short stay at TCC.[3] None of Plaintiff's complaint records at TCC reference any action or inaction taken by Defendant or alleged any personal involvement of Defendant.[4] Doc. [67-2]; Doc. [67] ¶ 26. Because Plaintiff has not taken any of the three steps, the PLRA bars his claim against Defendant.

## Conclusion

The Prison Litigation Reform Act bars Plaintiff's Eighth Amendment claim against Defendant Van Loo due to Plaintiff's failure to exhaust available administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brock Van Loo's Motion for Summary

---

[3] From June 2018 to May 2019, Plaintiff filled six separate IRRs, two Grievances, and one Grievance Appeal. Doc. [67] ¶ 25.

[4] The Court notes Plaintiff filed an IRR on November 21, 2018, alleging deliberate indifference to his medical needs, but it references actions taken by a CO Cable and does not reference any action or inaction taken by Defendant or the actions pertinent to this case. Doc. [67] ¶ 27.

Judgment, Doc. [65], is **GRANTED**.

    Dated this 19th day of April, 2023.

                                                                      _____
                                                                       MATTHEW T. SCHELP
                                                                       UNITED STATES DISTRICT JUDGE